IRVING H. BUSNY, trustee, *vs.* BOARD OF ASSESSORS
OF BOSTON.

Suffolk. March 11, 1983. — July 11, 1983.

Present: WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Taxation,* Real estate tax: abatement, assessment, value.

On an appeal to the Appellate Tax Board from a refusal of the assessors of
a city to grant an abatement of taxes on certain real estate, G. L.
c. 58A, § 12A, did not apply so as to place upon the assessors the
burden of proof on the issue of overvaluation, where the assessed value
of the taxpayer's property was not greater than the board's prior unad-
justed determination of value, and, where the taxpayer presented no
evidence of overvaluation, the board properly upheld the refusal of the
assessors to grant the requested abatement. [655-656]

APPEAL from a decision of the Appellate Tax Board.

*Nathan T. Wolk* for the taxpayer.

*John T. Gaffney,* Special Assistant Corporation Counsel,
for the defendant.

O'CONNOR, J. Irving S. Busny, trustee (taxpayer), ap-
peals pursuant to G. L. c. 58A, § 13, from a decision of the
Appellate Tax Board (board) upholding the refusal of the
board of assessors of Boston (assessors) to abate real estate
taxes assessed on the taxpayer's property for fiscal year 1980.

On January 1, 1979, the assessment date for fiscal year
1980, see G. L. c. 59, §§ 11, 21, 38, the taxpayer owned a
parcel of real estate at 33 Broad Street, Boston. An eleven-
story commercial building stood on the parcel, which meas-
ured approximately 3,680 square feet. The assessors val-
ued the property at $320,000, and assessed a tax thereon in
the amount of $80,928, based on a rate of $252.90 per thou-
sand dollars of value. The taxpayer's application for an
abatement of the tax was denied by the assessors, and

the taxpayer appealed to the board. After a hearing, the board issued a decision for the assessors, and thereafter issued its findings of fact and report.

The taxpayer's contention before the board and before this court is that the assessed value of the property for fiscal year 1980 was excessive. In support of this claim, the taxpayer introduced at the hearing before the board a copy of a decision of the board which granted the taxpayer an abatement of taxes assessed on the property for fiscal year 1979. The abatement was granted because the taxpayer's property had been assessed at a higher percentage of fair cash value than had other classes of property in the city.

The board calculated the taxpayer's abatement for fiscal year 1979 by determining the fair cash value of the taxpayer's property, and then reducing that value to 22.4%, which was the percentage of fair cash value at which the most favored class of property had been assessed. See *Keniston* v. *Assessors of Boston,* 380 Mass. 888, 906 (1980); *Tregor* v. *Assessors of Boston,* 377 Mass. 602, 602, 609-612, cert. denied, 444 U.S. 841 (1979); *Assessors of Weymouth* v. *Curtis,* 375 Mass. 493, 501 (1978); *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 377-378 n.10 (1965) (dictum).[1] The fair cash value of the property as determined by the board was $346,784. The property's value as adjusted for disproportionate assessment was $77,680. In its fiscal year 1980 appeal, the taxpayer simply rested on the board's determination of the property's value for fiscal year 1979, and introduced no additional evidence of value.

As in *Beal* v. *Assessors of Boston, ante* 648 (1983), also decided today, the taxpayer's appeal is grounded on the contention that G. L. c. 58A, § 12A, inserted by St. 1943, c. 430, applies to this case,[2] and that, consequently, the

---

[1] For fiscal years 1980-1983, see G. L. c. 58A, § 14; St. 1979, c. 797, § 24; *Keniston* v. *Assessors of Boston, supra* at 888, 890, 891-892 & nn. 5 & 6, 904, 905-906 (1980).

[2] The statute provides in pertinent part: "If, at a hearing of an appeal relative to the assessed value of property brought within three years after a determination by the appellate tax board of the value thereof, it appears

assessors had the burden of satisfying the board that the assessed value of the property was warranted. The taxpayer contends that that burden was not satisfied. The taxpayer concedes that if § 12A does not apply, his appeal must fail. This is because, in appeals to which § 12A does not apply, "the taxpayer bears the burden of proof on the issue of overvaluation." *Foxboro Assocs.* v. *Assessors of Foxborough,* 385 Mass. 679, 684 (1982). The taxpayer in this case presented no evidence of overvaluation.

In *Beal, supra,* we ruled that G. L. c. 58A, § 12A, inserted by St. 1943, c. 430, applies only to those cases in which the assessed value of the taxpayer's property is greater than the board's unadjusted determination of the property's value during the three-year period described by § 12A. Section 12A does not apply to the taxpayer's appeal because the assessed value of the property was $320,000, and the board's prior unadjusted determination of value was $346,784. Consequently, the taxpayer's appeal must fail.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

---

that the assessed value is greater than the value as so determined, the burden shall be on the appellee [assessors] to satisfy the board that the increased value was warranted . . . ."

Section 12A was amended by St. 1978, c. 580, § 13. As amended, § 12A applies to property taxes assessed for fiscal year 1981. St. 1978, c. 580, § 40, as amended by St. 1979, c. 578, § 2. Since the taxpayer's appeal relates to property taxes assessed for fiscal year 1980, we construe G. L. c. 58A, § 12A, as it read prior to the 1978 amendment.